**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 7 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANIEL LEONARD,

        Plaintiff-Appellant,

  v.

THE BOEING COMPANY,

        Defendant-Appellee.

No.   20-35844

D.C. No. 2:19-cv-00956-TSZ

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted October 5, 2021[**]
Seattle, Washington

Before:  PAEZ, M. SMITH, and NGUYEN, Circuit Judges.

Daniel Leonard appeals from the district court's grant of summary judgment

to The Boeing Company on his claims for age-based disparate treatment under

Washington's Law Against Discrimination, Wash. Rev. Code § 49.60.180(2), and

breach of contract.  We have jurisdiction under 28 U.S.C. § 1291.  Reviewing de

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo, *see Christian v. Umpqua Bank*, 984 F.3d 801, 808 (9th Cir. 2020), we affirm.

1. Leonard proffered no evidence that Boeing's stated nondiscriminatory reason for terminating his employment—violation of its sexual harassment policy—"was a pretext." *Mikkelsen v. Pub. Util. Dist. No. 1*, 404 P.3d 464, 471 (Wash. 2017). Although McGivern omitted Kilby's follow-up email from his report, he conveyed its substance—that Leonard "did not bring up having an affair again" after handing Kilby his phone number, and that "Kilby did not allege that she'd had any other issues with Leonard, or that he treated her differently after she did not accept his advances."

While McGivern disclosed the "approximately 10 reports" of Leonard's "engaging in favoritism of women with whom he was allegedly having a sexual relationship," McGivern acknowledged that "[n]one of those reports appear to have resulted in Employee Corrective Action." Leonard does not dispute this information's accuracy, and it was relevant to the investigation of allegations that he "engaged in sexual relationships with women reporting to him."

Leonard's assertion that the Employee Corrective Action Review Board misapplied the aggravating and mitigating factors relevant to his policy violation improperly relies on his subjective version of events rather than the evidence presented to the review board. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d

2

1054, 1063 (9th Cir. 2002). Leonard's disagreement with how the review board weighed the factors is not a basis to show pretext. *See Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1214 n.7 (9th Cir. 2008) ("The focus of the pretext inquiry is not to determine whether [the employer] was correct in determining that [the employee's] job performance was unsatisfactory, but simply whether [the employee's] performance was the real reason for the termination."). The district court properly granted summary judgment to Boeing on Leonard's disparate treatment claim.

2.    Leonard also fails to show a triable issue of fact on his breach of contract claim because PRO-1909 and the ECAPR matrix are not enforceable "promises of specific treatment in specific situations" that modified his at-will status. *Mikkelsen*, 404 P.3d at 477. To the extent Boeing's policies contain mandatory language, such language "does not set forth the specificity necessary to create a binding promise." *Stewart v. Chevron Chem. Co.*, 762 P.2d 1143, 1146 (Wash. 1988). For example, "violations by managers must be scrutinized more carefully to determine whether more severe ECA is warranted," but how that determination should be made is left to Boeing's discretion. Similarly, facts and findings must "be carefully evaluated for applicability to the aggravating or mitigating factors," but how to weigh the various factors is discretionary.

Moreover, Boeing's policies unequivocally state that they "do[] not constitute a contract or contractual obligation," which is similar to the disclaimer in *Kuest v. Regent Assisted Living, Inc.*, 43 P.3d 23, 29 (Wash. Ct. App. 2002), and dissimilar to the one in *Mikkelsen* on which Leonard relies. The district court properly granted summary judgment to Boeing on Leonard's breach of contract claim.

**AFFIRMED.**